

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-1-2009

# USA v. Gordon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3934

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Gordon" (2009). *2009 Decisions.* Paper 1091.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1091

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3934
_____

UNITED STATES OF AMERICA

v.

ROBERT P. GORDON,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00698-1)
District Judge: Honorable Jerome B. Simandle


_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 24, 2009
_____

Before: BARRY and SMITH, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

(Opinion filed: July 1, 2009)

_____

OPINION
_____

_____

   [*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Robert Gordon appeals his conviction for conspiracy to commit securities and wire fraud and conspiracy to illegally launder the proceeds of the fraud. Gordon argues that the District Court should have granted his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(a) because the Government failed to prove an overt act in furtherance of the conspiracy was committed within the statute of limitations period. He also argues that he was denied effective assistance of counsel. We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Gordon was the founder, CEO, and Chairman of the Board of Directors of Teleservices Internet Group ("TSIG"), positions he used to operate a scheme whereby he fraudulently inflated the price of TSIG stock and sold his shares for profit. To inflate the price of TSIG stock, Gordon bribed his stock broker to purchase large amounts of the stock for client accounts, entered into fraudulent consulting agreements with co-conspirator stock promoters to give the appearance of legitimacy to improper transfers of free-trading TSIG shares to the promoters for fund raising and stock support, and induced investors to purchase restricted shares in private offerings but delayed making the necessary filings to free those shares for trade on the open market until the shares were worthless. To profit from the fraud, Gordon created shell companies in the Cayman Islands and a brokerage account in Canada so he could sell his restricted stock without having to comply with disclosure rules and free the stock for trade on the open market. Gordon used the proceeds of the stock sales to make

loans to TSIG to cover the company's operating expenses in exchange for improperly issued free-trading shares. This process enabled Gordon to generate over seven million dollars in proceeds.

On September 28, 2005, the grand jury returned a two-count indictment, charging Gordon with conspiracy to commit securities and wire fraud and conspiracy to illegally launder the proceeds of the fraudulent scheme. On November 1, 2006, the grand jury returned a superseding indictment that charged Gordon with the same two crimes but included an additional overt act committed in furtherance of the conspiracy. During trial, at the close of the Government's case, Gordon moved for a judgment of acquittal. The District Court denied the motion, and the jury convicted Gordon on both counts of the superseding indictment. Gordon appeals his conviction.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We review a denial of a motion for judgment of acquittal de novo. United States v. Bobb, 471 F.3d 491, 494 (3d Cir. 2006). We view the evidence in the light most favorable to the Government and sustain the verdict if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Id. at 494 (internal citations omitted).

## DISCUSSION

### I. The evidence presented at trial was sufficient to sustain the conviction.

Gordon argues that the District Court erred in denying his motion for judgment of

3

acquittal because the Government failed to prove that an overt act was committed within the limitations period beyond a reasonable doubt. We disagree.

To establish a claim for conspiracy to commit fraud under 18 U.S.C. § 371, the Government must prove the following elements beyond a reasonable doubt: "(1) an agreement to defraud the United States, (2) an overt act by one of the conspirators in furtherance of that objective, and (3) any conspirator's commission of at least one overt act in furtherance of the conspiracy." United States v. McKee, 506 F.3d 225, 238 (3rd Cir. 2007). The Government must prove that the overt act in furtherance of the conspiracy occurred within the limitations period. See United States v. Schurr, 794 F.2d 903, 907–08 (3d Cir. 1986). The overt act may be charged or uncharged. Id. at 907 n.4.

Initially, Gordon argues that the District Court erred in concluding that the superseding indictment related back to the initial indictment such that the limitations period commenced five years before the filing of the initial indictment rather than five years before the filing of the superseding indictment.[1] This argument is unavailing. An initial indictment controls for statute of limitations purposes as long as the superseding indictment does not "materially broaden or substantially amend" the charges in the initial indictment. United States v. Oliva, 46 F.3d 320, 324 (3d Cir. 1995) (citing United States v. Friedman, 649 F.2d 199, 203–04 (3d Cir. 1981)). Here, the superseding indictment did not expand the charges

---

[1] The applicable statute of limitations states: "[N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).

listed in the initial indictment. The charges in both indictments are identical, and the changes merely involve listing a party as a co-conspirator rather than a defendant, adding the names of the co-conspirators, and adding an overt act. Although the additional overt act appeared to extend the period of the conspiracy agreement by thirteen months, the Government did not limit the period of the conspiracy to specific dates in the initial indictment, and the newly added overt act merely elaborated on an overt act that was charged in the initial indictment and fell within the initial limitations period. Because the changes as a whole did not materially broaden or amend the nature or scope of the charges, the superseding indictment related back to the initial indictment.

Gordon also argues that even if the superseding indictment related back to the initial indictment, the limitations period began on September 29, 2000, rather than September 28, 2000, and the Government therefore could not have relied on the September 28, 2000, overt act in proving the conspiracy. We need not address this argument because other overt acts that are within the limitations period clearly support the conviction. Specifically, Gordon's co-conspirator attorney admitted that on September 29, 2000, he issued a check from his attorney trust account to the student loan account of another co-conspirator's daughter, and that co-conspirator testified that on the same day, the attorney wired proceeds of stock sales from the attorney trust account to his bank account for having promoted the stock. Investors testified that Gordon had induced them to purchase restricted stock, promising conversion to free-trading stock, but delayed making filings for such conversion. Additionally, another

5

co-conspirator admitted that in November 2001, he received 6.5 million shares of TSIG stock to promote the stock and maintain the stock price. Further, contrary to Gordon's argument, the Government need not present documentary evidence to corroborate witness testimony, although we would note that the record indicates the Government did present voluminous documentary evidence of the fraud. See United States v. Perez, 280 F.3d 318, 344 (3d Cir. 2002) (holding that co-conspirators' testimony alone can support a conspiracy conviction). Viewing the evidence in the light most favorable to the Government, a rational jury could have found that the above overt acts were committed in furtherance of the conspiracy beyond a reasonable doubt.

## II. Gordon cannot make a claim for ineffective assistance of counsel.

Gordon argues that the conviction should be vacated because his trial counsel provided ineffective assistance by failing to submit certain documents or present certain expert and non-expert witness testimony into evidence. He further requests that the Court remand the matter for collateral review under 28 U.S.C. § 2255 if the Court concludes that the trial record is insufficient to support or disprove the ineffective assistance claim.[2] This Court generally does not review ineffective assistance of counsel claims on direct appeal, as the proper avenue to pursue such claims is through collateral review, which "allows for adequate factual development of the claim." United States v. Morena, 547 F.3d 191, 198 (3d Cir. 2008). Further, we generally will not second-guess counsel's discretionary decisions

---

[2] Gordon cites to 18 U.S.C. § 2255, but we assume he is referring to 28 U.S.C. § 2255.

that are "well within the range of professionally reasonable judgments." <u>Strickland v. Washington</u>, 466 U.S. 668, 699 (1984). Accordingly, we will deny the ineffective assistance of counsel claim without prejudice to Gordon's right to raise the issue in an appropriate collateral proceeding under 28 U.S.C. § 2255.

## CONCLUSION

For the foregoing reasons, we will affirm the District Court's Judgment and Conviction Order without prejudice to the Appellant's pursuing his ineffective assistance of counsel claim in a proceeding under 28 U.S.C. § 2255.